UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VALERIE S. HINTON,                              )
                                                )
            Plaintiff,                          )
                                                )
    vs.                                         )        No. 4:09CV00732 HEA
                                                )
ROBERT GATES, Secretary                         )
Department of Defense,                          )
National Geo-Spatial Intelligence Agency,       )
                                                )
            Defendant.                          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Robert Gates's, Secretary of

Defense, National Geo-Spatial Intelligence Agency ("NGA"), Motion for

Summary Judgment [Doc. No. 17]. Plaintiff opposes the Motion and has filed a

written opposition thereto, to which Defendant has replied. For the reasons set

forth below, the Motion is granted.

## Facts and Background

On November 14, 2004, Plaintiff, an African American female, was hired by

NGA as an Aeronautical Analyst at the agency's Aeronautical Branch in Arnold,

Missouri. As an Aeronautical Analyst, Plaintiff was responsible for the creation,

analysis, publication and production of aeronautical data, which the United States

military then used in order to reach their destination. Under the terms of Plaintiff's position, she was required to fulfill a two-year probationary period.

On November 29, 2004, Plaintiff was in a meeting with other employees when she questioned the pay rate she was receiving compared to that being paid to White male employees. Plaintiff alleges that she was subjected to disparate treatment for expressing opposition to the pay structure. On December 1, 2006, Plaintiff filed an EEO complaint alleging that she was discriminated against on the basis of race, sex, and in retaliation for her pay rate inquiry–all of which are protected under Title VII of the Civil Rights Act of 1964.

Plaintiff's EEO complaint contained six (6) different alleged incidents of discrimination. At the conclusion of the agency's investigation, Plaintiff was provided a copy of the report of investigation and notice of her right to request hearing before an EEOC Administrative Judge. Plaintiff did not request a hearing within the time frame provided in 29 C.F.R. § 1614.108(f), and the agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b). The agency's final decision concluded that Plaintiff failed to prove that she was subjected to race, sex, or reprisal discrimination as alleged. Plaintiff filed an appeal with the EEOC, and the Commission ultimately affirmed the agency's final decision.

In her Amended Complaint now before the Court, Plaintiff raises six (6) different incidents of discrimination and retaliation, all of which allegedly violate Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*. First, she alleges race and gender discrimination regarding her pay (Claim I). Second, she alleges race discrimination and retaliation regarding her allegation that she was not allowed certain training (Claim II). Third, she claims race discrimination and retaliation regarding her allegation that she was given incorrect information about tuition assistance (Claim III). Fourth, she claims race discrimination and retaliation regarding her allegation that she was not allowed a transfer during her probationary period (Claim IV). Fifth, she alleges race and gender discrimination and retaliation regarding her removal from her position during her probationary period (Claim V). Sixth, while not alleged in her Amended Complaint, Plaintiff claims that she intended to file a hostile work environment claim (Claim VI).

## Discussion

### Summary Judgment Standard of Review

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v.*

*DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of*

*Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the

burden to establish both the absence of a genuine issue of material fact and that it is

entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once

the moving party has met this burden, the nonmoving party may not rest on the

allegations in his pleadings but by affidavit or other evidence must set forth

specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P.

56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing

summary judgment may not rest on the allegations in its pleadings; it must 'set

forth specific facts showing that there is a genuine issue for trial.'" *United of*

*Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting

Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the

suit under the governing law will properly preclude the entry of summary

judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v.*

*Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when

"a reasonable jury could return a verdict for the nonmoving party" on the question.

*Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for

summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably  find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005);  *Smith*, 523 F.3d at 848.

### Exhaustion of Plaintiff Hinton's Title VII Administrative Claims

Defendant contends that Claims I, II and III should be dismissed because Plaintiff failed to exhaust all available administrative remedies.  "Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court." *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995).  Under 29 C.F.R. § 1614.105(1)(a), an

aggrieved federal employee must consult an EEO counselor prior to filing a complaint in order to try to informally resolve the matter. Federal employees are required to contact an EEO counselor within forty-five (45) days of the alleged discriminatory action or personnel matter. *Id.* A complainant may satisfy the criterion of EEO counselor contact by "initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO counselor, and by exhibiting an intent to begin the EEO process." *Culpepper v. Schafer*, 548 F.3d 1119, 1122 (8th Cir. 2008).

## Exhaustion of Claim I

Defendant alleges that Plaintiff failed to raise this claim with an EEO counselor within 45 days of the alleged incident. Plaintiff contends that she "kind of brought [the salary claim] up" at the first meeting she had with Lynn Puetz in December of 2004. (Defendant Exh. 1, 54:10-25). As support, Plaintiff relies on her own deposition and declaration; however, she offers no further support that shows she notified an EEO counselor within the required 45 days. These documents are merely unsupported self-serving affidavits that fail to substantiate the allegations with sufficient probative evidence. *See Wilson,* 62 F.3d at 241 (8th Cir.1995); *Smith*, 523 F.3d at 848 (8th Cir. 2008). Additionally, her statement that she "kind of brought [ ] up" the discrimination regarding pay fails to show

Plaintiff's intent to begin the EEO process. As such, Plaintiff failed to exhaust her administrative remedies with regard to Claim I; thus, this claim is dismissed. Although this claim fails due to failure to exhaust, the Court will address the merits below.

## Exhaustion of Claim II

Defendant argues that Claim II, regarding the alleged denial of certain training, should be dismissed due to Plaintiff's failure to exhaust all of her administrative remedies. Plaintiff contends that she went to EEO on January 13, 2005, anonymously. Upon review of NGA's "Report of Investigation" (Defendant Exh. L), Claim 2 of the Report indicates that Plaintiff did allege that due to misinformation from management, Plaintiff was not considered for training opportunities.[1] As such, Plaintiff's Claim II is not dismissed due to untimeliness; however, as laid out below, the claim is dismissed based on the merits.

## Exhaustion of Claim III

Defendant alleges that Plaintiff's Claim III, regarding the alleged denial of tuition assistance, should be dismissed due to failure to exhaust her administrative

---

[1]The Court is aware that Claim 2 of the Report of Investigation (Defendant Exh. L) also refers to the "tuition assistance" claim in parenthesis. Viewing in a light most favorable to Plaintiff, the Court reads said claim to refer to Plaintiff's allegation that she was denied certain training due to race and gender discrimination and retaliation.

remedies. Relying on official EEO documents (Defendant Exh. L) and the deposition of Plaintiff (Defendant Exh. D), Defendant contends that after Plaintiff was eventually given accurate information regarding tuition assistance in Spring of 2005, she did not contact an EEO counselor until August 9, 2005. Relying solely on her own affidavit (Plaintiff Exh.2), Plaintiff argues that she did, in fact, contact an EEO counselor prior to August 9, 2005, but she does not offer an exact or approximate date. Plaintiff relies on unsupported self-serving affidavits that fails to substantiate the allegations with sufficient probative evidence. *See Wilson,* 62 F.3d at 241 (8th Cir.1995); *Smith*, 523 F.3d at 848 (8th Cir. 2008). As such, the Court finds that Plaintiff failed to exhaust her administrative remedies with regard to Claim II; thus, this claim fails. Although this claim fails due to failure to exhaust, the Court will address the merits below.

### *McDonald Douglas* Burden-Shifting Framework

A plaintiff may establish a violation of Title VII's prohibition against race and gender discrimination either through direct or indirect evidence. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 933 (8th Cir. 2006) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 270-79 (1989)). When Plaintiff's claims are based on indirect evidence of discrimination, the burden-shifting framework set out by the United States Supreme Court in *McDonald Douglas Corp. v. Green*, 411 U.S. 792

(1973) is applied. Under this framework, Plaintiff must first establish a *prima facie* case of discrimination. *Id*. at 802. Once Plaintiff has established her *prima facie* case, the burden then shifts to Defendant to present a legitimate reason for the allegedly discriminatory action. *Id*. If Defendant does so, the burden shifts back to Plaintiff to establish that the asserted legitimate reasons were merely a pretext for a discriminatory action. *Id*. at 804.

"Under the *McDonnell Douglas* framework, to establish her prima facie case of racial discrimination, Plaintiff must show: 1) she is a member of a protected class; 2) she met her employer's legitimate expectations; 3) she suffered an adverse employment action; and 4) similarly situated employees who were not members of the protected class were treated differently." *Higgins v. Gonzales* 481 F.3d 578, 584 (8th Cir. 2007).

**Claim I: Race and Gender Discrimination Regarding Plaintiff's Pay**

Although Plaintiff failed to exhaust Claim I, the Court will address the merits. Plaintiff alleges that she was discriminated against based on her race and gender regarding her pay level. Where a plaintiff alleges that her employer provides "unequal pay for equal work on the basis of sex, the standards are the same whether the plaintiff proceeds under Title VII or the Equal Pay Act [of the Fair Labor Standards Act, 29 U.S.C. § 206(d)]." *Hutchins v. International*

9

*Brotherhood of Teamsters,* 177 F.3d 1076, 1080 (8th Cir. 1999); *EEOC v. Cherry-Burrell Corp.,* 35 F.3d 356, 360 (8th Cir.1994) (citations omitted).

To succeed on a claim of unequal pay for equal work on the basis of sex, Plaintiff must prove that Defendant NGA "pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." *Hutchins,* 177 F.3d at 1081; *EEOC v. Delight Wholesale Co.,* 973 F.2d 664, 669 (8th Cir.1992) (citation and internal quotations omitted). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to prove that the disparities are based on (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality; or (4) a factor other than sex. *Hutchins,* 177 F.3d at 1081; 29 U.S.C. § 206(d)(1). A differential that is based on education or experience is a factor other than sex recognized by the Equal Pay Act. *Id.* (quotations omitted).

Defendant concedes that Plaintiff is an African American female which makes her a member of a protected class. Additionally, Defendant does not dispute that Plaintiff was qualified for the position when NGA hired her. Defendant contends that NGA establishes salaries based on education and experience and points out that pay differential based on education or experience is a factor other

than sex recognized by the Equal Pay Act. *See Hutchins*, 177 F.3d at 1081.

Plaintiff argues that white male employees of NGA were paid at a higher rate.  In her deposition, Plaintiff specifically mentioned two white male employees, "Jim" and "Tim," who were both paid more than her. (Hinton Deposition, Defendant Exh. D; 52:1-25).  Plaintiff does not dispute that experience and education are factors in determining the salary of aeronautical analysts; however, she does dispute that her not having a college degree was sufficient reason to pay her less than male employees.

With respect to Jim, prior to his employment with NGA, he was a pilot. Hinton acknowledges that pilot experience should be beneficial for the job of an aeronautical analyst given that one of the purposes of the position is to assist pilots. (Hinton Deposition, Defendant Exh. D; 72:1-8).  With respect to Tim, Plaintiff does not dispute that Tim had a college degree, and she admits that NGA used education as a factor in establishing employee salary. Plaintiff admits that she does not have a college degree; however, she stated in her deposition and Response to Statement of Facts that "[t]he college degree didn't mean anything to [her]." Response to Statement of Facts, [Doc. # 25-1 at 6].

Plaintiff fails to establish a *prima facie* case of pay discrimination on the basis of sex, as she has not established NGA paid workers of one sex more than

workers of the opposite sex for equal work. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 1966 (1974). Plaintiff has shown that employees Tim and Jim received higher pay for the equal work; however, it is well documented that both employees were awarded higher salaries due to their higher level of experience and education. As explained above, pay differential based on education or experience is a factor other than sex recognized by the Equal Pay Act. *See Hutchins*, 177 F.3d at 1081. Plaintiffs feeling that"[t]he college degree didn't mean anything to [her]" fails to specifically controvert Defendant's evidence. Her feelings are insufficient to overcome her burden of presenting evidence of such racial animus. In light of these facts, Plaintiff's Claim I fails and Defendant is entitled to summary judgment.

With respect to Plaintiff's allegation that she was discriminated on the basis of race, Plaintiff has failed to establish a *prima facie* case because she cannot prove that a) she suffered an adverse employment action, and b) she has failed to show that similarly situated employees who were not members of her protected class were treated differently. Plaintiff's claim that she was designated to a pay band 2, when she thought she was going to be designated pay band 3, fails to show she suffered an adverse employment action with discriminatory motive. To support her claim that she should have received a pay band 3, she provides nothing more

12

than travel documents that, Defendant contends, were in error. Defendant submitted into evidence the official correspondence from NGA [Defendant Exh. A and B] indicating that Plaintiff was hired, and that she would start, at pay band 2.

Regardless of the discrepancy, Plaintiff has failed to show that similarly situated employees outside of her class were treated differently. While Plaintiff is correct that employees Tim and Jim were outside of her protected class, she is incorrect in assuming they were similarly situated. As discussed above, both employees had education and experience that qualified them for a higher pay band; therefore, they are not considered similarly situated for the purposes of pay grade. In light of these facts, as stated above, Plaintiff's Claim I fails and Defendant is entitled to summary judgment.

### Claim II: Race Discrimination and Retaliation Regarding Plaintiff's Allegation That She Was Not Allowed Certain Training

Plaintiff alleges that she was prevented from participating in the Imagery Interpretation training class because her supervisor, Elizabeth Meredith, submitted emails to her regarding the classes in an untimely manner. She alleges that she was not allowed the training that other employees were given because she was constantly being harassed at work. Defendant contends that Plaintiff cannot establish a *prima facie* case of discrimination because there was no adverse action

as required by Title VII, and because there is no evidence of discrimination or retaliation.

The issue of whether Plaintiff has established a *prima facie* case, presents the question of whether Plaintiff has shown that she has suffered an adverse employment action under circumstances permitting an inference that the action was the result of unlawful discrimination. *See Johnson v. Ready Mixed Concrete Co.,* 424 F.3d 806, 810 (C.A.8 (Neb), 2005). For purposes of a Title VII claim, "[a]n adverse employment action is a material employment disadvantage, such as a change in salary, benefits or responsibilities; mere inconvenience without any decrease in title, salary, or benefits is insufficient to show an adverse employment action. *Sallis v. University of Minn.,* 408 F.3d 470, 476 (8th Cir. 2005). Such an adverse action is considered a "tangible change in working conditions that produces a material employment disadvantage. . ." *Id*. at 476.

Plaintiff does not dispute that she was, in fact, offered the opportunity to participate in the training sessions. Instead, she merely alleges her supervisor failed to notify her of the sessions in a timely manner. "[A]n employer's denial of a training request, without something more, is not itself an adverse employment action." *Higgins v. Gonzales,* 481 F.3d 578, 585 (8th Cir. 2007). In this case, Plaintiff's claim that she was denied timely notice of a training session clearly fails

to meet the definition of an adverse employment action. As such, Plaintiff has failed to establish a *prima facie* case of employment discrimination, and Defendant is entitled to judgment as a matter of law on Claim II.

### Claim III: Race Discrimination and Retaliation Regarding Plaintiff's Allegation That She Was Given Incorrect Information About Tuition Assistance

Although Plaintiff failed to exhaust Claim III, the Court will address the merits of same. Plaintiff alleges that shortly after she was hired by Defendant NGA, she asked her supervisor, Donald Bush, about the qualifications for tuition assistance. Bush informed Plaintiff that she did not qualify for the tuition assistance program until after she completed her probationary period. Subsequently, it was discovered by NGA and Plaintiff that Bush gave Plaintiff incorrect information, as Plaintiff's prior federal experience made her eligible for the tuition assistance program before the end of her probationary period. Plaintiff alleges that Bush's incorrect information regarding tuition assistance constitutes discrimination based on retaliation.

Defendant contends that Plaintiff cannot establish a *prima facie* case of retaliation. To establish a *prima facie* case of retaliation, Plaintiff must show: (1) that she participated in the protected activity; (2) that Defendant took an adverse employment action against her; and (3) that a causal connection exists between the

two.  *Calder v.  TCI Cablevision of Mo.,* 298 F.3d 723, 731 (8th Cir.2002).

Defendant argues that Plaintiff cannot establish a *prima facie* case because there

was no adverse employment action.  As stated above,  "[a]n adverse employment

action is a material employment disadvantage, such as a change in salary, benefits

or responsibilities; mere inconvenience without any decrease in title, salary, or

benefits is insufficient to show an adverse employment action.  *Sallis,* 408 F.3d at

476.

Plaintiff admits that she never applied for tuition assistance; she merely

inquired about the qualifications.  She contends that Bush gave her the wrong

information due to her race, sex and retaliation.  Based on the facts, there is no

evidence that Defendant denied Plaintiff tuition assistance.  At most, Bush's

incorrect information regarding her eligibility amounts to "an inconvenience

without any decrease in . . . benefits. . ." *Id.*  As stated above, this does not

constitute an adverse employee action.  As such, Plaintiff has failed to establish a

*prima facie* case of retaliation, and Defendant is entitled to judgment as a matter of

law in regards to Claim III.

**Claim IV: Race Discrimination and Retaliation Regarding Plaintiff's Allegation That She Was Not Allowed a Transfer During Her Probationary Period**

Plaintiff alleges that she made "a few" requests for transfer, all of which were denied. She alleges that she made a verbal request to supervisor Elizabeth Meredith for a transfer to Stereo Airfield Collection (SAC); she made another request to Meredith to transfer to Targeting; and she talked with John Oswald about transferring to the Asia/Pacific Aeronautical department as an intelligence analyst. Plaintiff was not granted a transfer for any of these requests. She alleges that she was denied a transfer due to her race and that Defendant's refusal to transfer was a retaliatory act against Plaintiff.

Defendant contends that Plaintiff failed to establish a *prima facie* case because no adverse employment action occurred on behalf of NGA. As previously observed, "[a]n adverse employment action is a material employment disadvantage, such as a change in salary, benefits or responsibilities; mere inconvenience without any decrease in title, salary, or benefits is insufficient to show an adverse employment action. *Sallis,* 408 F.3d at 476. For purposes of a Title VII claim, an employer's refusal to grant an employee's transfer request is not considered an adverse employment action. *LePique v. Hove,* 217 F.3d 1012, 1013 (8th Cir.2000). As such, Plaintiff has failed to establish a *prima facie* case of discrimination and retaliation.

Moreover, Defendant has provided legitimate, non-discriminatory reasons for denying the transfer requests. In regard to Plaintiff's request to transfer to the intelligence analyst position, NGA stated that they denied the request because Plaintiff did not have the relevant experience or a college degree. As to her request to transfer to targeting, NGA supervisor Meredith determined that there were no openings in targeting, and no one in aeronautical was willing to take Plaintiff's position. As to Plaintiff's request to transfer to SAC, there is no evidence contained in the record that Plaintiff actually formally filed the request; she only voiced her desire verbally to Meredith. As such, because there was no formal request, there was no formal denial. In light of these facts, Plaintiff's Claim IV fails due to her failure to establish a *prima facie* case of discrimination and retaliation.

### Claim V: Race and Gender Discrimination and Retaliation Regarding Plaintiff's Removal from Her Position During Her Probationary Period

Plaintiff alleges that the September 12, 2005 removal from her position during her probationary period was the result of race and gender discrimination and retaliation. In the Notification of Personnel Action [Defendant Exh. P], Defendant NGA cited "unacceptable job performance and conduct" as the reasons for Plaintiff's termination. Defendant contends that Plaintiff cannot establish a *prima face* case for race or gender discrimination because she fails to establish that

18

she was treated differently than similarly situated employees outside of her protected class. Defendant argues, and offers supporting evidence, that Plaintiff was not the only employee terminated during this time period. During the same time period Plaintiff was terminated, a white male employee ("Employee A") was terminated for having no computer skills and for failing to obtain them.

Plaintiff did not address this portion of Defendant's argument. In lieu of evidence showing she was treated differently than similarly situated employees outside of her class, she focused on providing evidence from affidavits which purport she was, in fact, qualified for her position at NGA. Plaintiff relies upon affidavits from non-supervisory co-employees stating that she produced acceptable work, and documents that show proof of her prior work experience. Defendant does not dispute that Plaintiff was qualified at the time of her hiring; it contends that she was terminated during her probationary period because of her unacceptable conduct and performance subsequent to her hiring.

Specifically, Defendant cites an instance where Plaintiff allegedly attempted to delete an airfield. Defendant offered a computer printout documenting Plaintiff's actions regarding the alleged deletion [Defendant Exh. Q], and a statement from employee McDaniels, the quality control person assigned to the airfield in question [Defendant Exh. H; 59:19-23], which supported Defendant's

suspicions that Plaintiff was responsible for the attempted deletion. Plaintiff disputes that she attempted to delete it and offered self-serving affidavits which, she contends, proves that she did not attempt to delete the airfield. These documents are merely unsupported self-serving affidavits that fail to substantiate the allegations with sufficient probative evidence. *See Wilson,* 62 F.3d at 241 (8th Cir.1995); *Smith*, 523 F.3d at 848 (8th Cir. 2008). As such, Defendant has failed to establish a *prima facie* case of race and gender discrimination.

Additionally, Plaintiff claims that she has a case for retaliation with respect to her removal. She alleges that she participated in a protected activity by going to EEO about her claim of race and gender discrimination in regard to her pay rate, her request for transfers, and her tuition assistance inquiry. Defendant contends that Plaintiff cannot establish a *prima facie* case for retaliation because she fails to provide evidence linking her prior protected activity to her removal. Defendant states that the decision to remove Plaintiff was the result of a series of recommendations that started with Plaintiff's supervisor, Meredith. Based on Defendants Motions, Meredith's deposition [Defendant's Exh. H] and Plaintiff's own statements in her deposition [Defendant's Exh. D], Plaintiff never directly spoke to Meredith about her race and gender discrimination claim as it might have related to her salary dispute. Defendant argues that because Meredith did not even

know about Plaintiff's salary issues, there is no way Plaintiff can establish a *prima facie* burden of showing a connection between Plaintiff's discrimination claims regarding her salary and removal. In light of these facts, this Court finds that Plaintiff has failed to provide evidence linking her prior protected activity to her removal. Because Plaintiff has failed to put forth a *prima facie* case of retaliation, this claim is ruled in favor of Movant.

Assuming *in arguendo* that Plaintiff established a *prima facie* case for gender and race discrimination and retaliation, Defendant has provided a legitimate reason for the alleged discriminatory action. Defendant contends that it removed Plaintiff during her probationary period because her conduct and performance was deficient. Defendant states that Plaintiff attempted to delete an airfield from the system and then lied about it to her supervisor. Defendant also contends that Plaintiff was not progressing toward working independently as required. Moreover, Defendant claims that Plaintiff was inflexible, volatile, unable to accept responsibility for her mistakes, and unable to grasp the importance of the agency's overall mission.

Defendant's contentions regarding Plaintiff's job performance and conduct are supported by multiple NGA supervisor depositions [Defendant Exhs. H and F], a deposition of a trainer Plaintiff requested, Donald Nierman [Defendant Exh. N], a

computer printout documenting Plaintiff's actions regarding the alleged deletion of the airfield [Defendant Exh. Q], and a statement from employee McDaniels, the quality control person assigned to the airfield in question [Defendant Exh. H; 59:19-23]. To counter Defendant's non-discriminatory reasons for removing Plaintiff, Plaintiff repeatedly states that she was qualified for the job and denies that her performance and conduct were not improper. Plaintiff fails to offer more than speculation, conjecture, or fantasy in support of her claims, which is insufficient at the summary judgment stage. *See Marquez v. Bridgestone/Firestone, Inc.,* 353 F.3d 1037, 1039 (8th Cir. 2004).

Under the *McDonnell Douglas* burden-shifting framework, if the employer can articulate a nondiscriminatory reason for an adverse employment action, the burden returns to the employee to prove that the proffered reason is pretextual. *Bearden v. International Paper Co.,* 529 F. 3d 828, 831 (8th Cir. 2008). "The consideration in evaluating pretext is whether the employer honestly believed the employee violated the company's code, not whether the employer was factually correct in its conclusion." *Twymon,* 462 F.3d at 935. Plaintiff has failed to establish such a pretext. She merely relies on her own contentions that her performance was not an issue, and the deposition of non-supervisory NGA employee, Ed Balling who stated that Plaintiff did not delete the airfield.

This does not establish pretext, and Plaintiff has failed to establish any discriminatory motive. Defendant has provided a firm basis for terminating Plaintiff, namely, Plaintiffs poor job performance and conduct, and her alleged attempt to delete an airfield. There is no evidence that intimates that Plaintiff's supervisors did not believe that she attempted to delete the airfield. Instead, there is evidence from multiple witnesses which indicates that Plaintiff did, in fact attempt to delete the airfield, and then lied about it to avoid responsibility. As such, Plaintiff has failed to establish a *prima facie* case of discrimination and retaliation based on race and sex.

### Claim VI: Hostile Work Environment Claim

Plaintiff argues in her Memorandum in Opposition to Motion for Summary Judgment that she endured a hostile work environment due to retaliation she was experiencing while working for Defendant. However, this contention is not properly before the Court because it was not alleged in Plaintiff's Amended Complaint or her EEOC charge. A plaintiff may only bring claims in federal court that are "like or reasonably related" to the claims brought in the EEOC charge. *Shannon v. Ford Motor Co.,* 72 F.3d 678, 684 (8th Cir, 1996). Because neither her EEOC charge nor her Amended Complaint alleged hostile work environment,

Plaintiff has failed to properly raise this claim. As a result, the Court will not address this issue.

## Conclusion

Based upon the foregoing, Defendant has established that no genuine issues of material fact exists, and that they are entitled to judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. #17] is **GRANTED**.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 18th day of October, 2010.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE